EDWARD A. MULLEN, DEPUTY DIRECTOR, ETC., ET AL., PROSECUTORS, v. HORACE K. ROBERSON, JUDGE, ETC., ET AL., RESPONDENTS.

Submitted May 7, 1946—Decided November 12, 1946.

Before Justices PARKER and DONGES.

For the prosecutors, *John J. Fallon.*

For the respondents, *Dominick R. Rinaldi.*

PER CURIAM.

This matter is before us on a rule to show cause why a writ of *certiorari* should not issue to review the determination of the Hudson County Court of Common Pleas reversing the conviction of respondent Gehm on charges of misconduct and violation of rules of the Department of Public Safety, and his dismissal from the police department in proceedings before the Deputy Director of the Department of Public Safety of the City of Hoboken, and restoring him to his position as a member of the police department of said city.

The record was brought before the Court of Common Pleas on a statutory appeal under *R. S.* 40:47–10, and a trial *de novo* ordered, and at the time fixed by order of the court such trial was had. The respondent below put in evidence the record made before the Deputy Director of Public Safety, but offered no oral testimony in the Court of Common Pleas. Motion by Gehm for dismissal was denied, whereupon he took

the stand and testified, as did his wife, Rose Gehm. Thereafter the judge concluded that the prosecutor had failed to prove the charges made against Gehm and reversed the conviction and ordered his return to his office or position in the police department of the City of Hoboken. It is this determination and order that prosecutors herein seek to have reviewed by *certiorari*.

Appellant-respondent argues several reasons for the denial of relief to the prosecutors. Amongst others it is urged that the statute provides for a trial *de novo,* and that such trial requires the production of witnesses and evidence, and that the production of the record of testimony on the original hearing does not meet the requirement of the statute and that, therefore, the proceedings should have been dismissed on respondent's motion to the Court of Common Pleas. We do not deem it necessary to pass upon these questions. The statute accords the appellant the right of trial *de novo,* and, assuming the right of the prosecutors to introduce the testimony taken before the Deputy Director, but not so deciding, it appears that the trial judge considered all of the testimony, and, after such consideration, concluded that the weight of the evidence was in favor of the respondent Gehm and decided in his favor.

There being evidence to support such finding, we conclude that no fairly debatable question is raised by the record, and that the writ sought should be denied, and the rule to show cause is accordingly discharged, with costs.